IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

**STEVEN JENNINGS,**

        **Plaintiff,**

v.                                Case No. 14-2

**FLORIDA DEPARTMENT OF HEALTH**
       **Defendant.**

_____/

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that Defendant, FLORIDA DEPARTMENT OF HEALTH, (hereafter "DOH"), hereby removes to the Court the state court action described below:

1. An action was commenced in the Second Judicial Circuit, Circuit Court in and for Leon County, Florida, entitled STEVEN JENNINGS, Plaintiff, v. FLORIDA DEPARTMENT OF HEALTH, Defendant, Case Number 2013-CA-003240.

2. Defendant was served with a summons and received a copy of Plaintiff's Complaint.

3. A copy of all process, pleadings, and orders served upon Defendant in the state court action are attached hereto. Exhibit "A" is Plaintiff's Complaint; Exhibit "B" is Defendant's Notice of Appearance. In compliance with 28 U.S.C. §1446(a) and local rule 7.2(a) United States District Court, Northern District of Florida.

4. This action is a civil action arising under the allegations in the Complaint from the Plaintiff's employment with the Defendant and involved claims of gender discrimination and retaliation brought under 42 U.S.C. §2000e *et. seq.* and Chapter 760, Florida Statutes.

5. The Department of Health was served with Plaintiff's Complaint on December 18, 2013, and therefore this Notice of Removal is being filed within 30 days and is timely pursuant to 28 U.S.C. §1446(b).

6. This action is one of which the district courts of the United States have original jurisdiction under 28 U.S.C. §1331. Original jurisdiction is conferred on the United States District Courts for claims arising Under Title VII under the terms of the Act. 28 U.S.C. §2000e-5(f)(3). This action may be removed to this Court pursuant to 28 U.S.C. §1441(a) because it is founded upon a claim or right arising out of the Constitution, laws, or treatis of the United States.

Steven Jennings v. Florida Department of Health
Notice of Removal

7.  There are no other defendants in this action who require notice.

WHEREFORE, Defendant, FLORIDA DEPARTMENT OF HEALTH hereby requests this action be removed from the Second Judicial Circuit Court of the State of Florida in and for Leon County to the United States District Court for the Northern District of Florida and that all further proceedings be conducted in this court as provided by law.

DATED: January 2, 2014

                    DENNIS, JACKSON, MARTIN & FONTELA, P.A.
                    Attorney for Defendant
                    1591 Summit Lake Drive, Suite 200
                    Tallahassee, Florida 32317
                    Telephone: (850) 422-3345
                    Facsimile:  (850) 422-1325

By:   /s/ Maria A. Santoro
      MARIA A. SANTORO
      Florida Bar No. 0654809
      maria@djmf-law.com

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

STEVEN JENNINGS,

    Plaintiff,

vs.

CASE NO.: 13-CA- 3240
FLA BAR NO.: 9739685

FLORIDA DEPARTMENT OF
HEALTH,

    Defendant.
_____/

## COMPLAINT

Plaintiff, STEVEN JENNINGS, hereby sues Defendant, FLORIDA DEPARTMENT OF HEALTH, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq. .

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, STEVEN JENNINGS has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his gender, male, and the fact that he reported discrimination adversely affecting him and was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF

1

HEALTH, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that he filed a charge of discrimination with the Florida Commission on Human Relations. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began employment with Defendant in December 22, 2011, and held a position as Health Educator Consultant at the time of his termination.

7. Throughout his employment, Plaintiff was treated worse than similarly situated female employees. This disparate treatment came at the hands of Susan Fleming, program administrator, and Felisha Dickey, program director. Fleming and Dickey criticized Plaintiff repeatedly, harassed or disciplined him for mistakes that went unpunished for female employees, and criticized his gender.

8. Plaintiff was also the only employee who had to complete a weekly report, and was also given bad performance reviews despite his good performance. During a meeting on September 12, 2012, involving Bureau Chief Mike Mason, Fleming, and Dickey, Plaintiff complained to Mason about the unfair treatment. Fleming responded to this by saying the reason she criticized Plaintiff was because "women think things out better than men." Mason did not take any meaningful action to remedy the situation.

9. On or about September 14, 2012, Plaintiff filed a complaint with the EEOC detailing this disparate treatment. Defendant became aware of the complaint on or about

2

September 21, 2012. Soon thereafter, Plaintiff experienced greater disparate treatment and retaliation from Fleming and Dickey, and, on or about October 11, 2012, was terminated for allegedly failing to satisfactorily complete his probationary period. When Plaintiff asked for specific examples of issues, he was advised that "It just isn't working out."

10. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §2000e et seq..

## COUNT I
## GENDER DISCRIMINATION

11. Paragraphs 1-10 are re-alleged and incorporated herein by reference.

12. This is an action against Defendant for gender discrimination.

13. Defendant has taken action and allowed action to be taken against Plaintiff because he is male. During Plaintiff's employment with Defendant, he was the victim of disparate treatment with no action taken by Defendant to prevent or otherwise correct a known problem. Then after notice of discrimination, described more fully herein, Defendant delayed in taking action and caused additional harassment and harm to Plaintiff including without limitation his termination.

14. Defendant knew or should have known of the sex/gender based discrimination perpetuated against Plaintiff and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. The events set forth herein led, at least in part, to Plaintiff's termination.

15. Defendant knowingly condoned and ratified the discrimination set forth above. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's

3

continued employment with Defendant.

16. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of the state and federal laws applicable to this action.

17. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

## COUNT II
## RETALIATION

18. Paragraphs 1-10 are hereby re-alleged and reincorporated as if set forth in full herein.

19. Defendant is an employer as that term is used under the applicable statutes referenced above.

20. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

21. The foregoing unlawful actions by Defendant were purposeful.

22. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above. The events set forth herein led, at least in part, to Plaintiff's termination.

23. Plaintiff is a member of a protected class because he reported unlawful

4

employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

24. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 20th day of November, 2013.

                                      Respectfully submitted,

                                      /s/ Marie A. Mattox
                                      Marie A. Mattox [FBN 0739685]
                                      MARIE A. MATTOX, P. A.
                                      310 East Bradford Road
                                      Tallahassee, FL 32303
                                      Telephone: (850) 383-4800
                                      Facsimile:  (850) 383-4801
                                      Email: marie@mattoxlaw.com
                                      Secondary emails:
                                      michelle2@mattoxlaw.com
                                      michellef@mattoxlaw.com
                                      ATTORNEYS FOR PLAINTIFF

# EXHIBIT B

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA.

CASE NO. 2013CA003240

STEVEN JENNINGS,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF HEALTH,

    Defendant.

_____/

## NOTICE OF APPEARANCE

**MARIA A. SANTORO**, of the law firm of Dennis, Jackson, Martin & Fontela, P.A., hereby gives notice of her appearance as counsel for the Defendant, **FLORIDA DEPARTMENT OF HEALTH,** and requests that copies of all future pleadings, correspondence, etc., be forwarded to her at the below listed address.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic Mail and U.S. Mail to Marie A. Mattox, Esquire, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida, 32303, this 31st day of December, 2013.

DENNIS, JACKSON, MARTIN & FONTELA, P.A.
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
(850) 422-3345 (telephone)
(850) 422-1325 (facsimile)

BY     /s/ Maria A. Santoro
       MARIA A. SANTORO
       Florida Bar #0654809